UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD SANTANA,

      Plaintiff,

v.                                   Case No:  2:13-cv-281-Ftm-99SPC

TOMMY BAHAMA R & R HOLDINGS,
INC.,

      Defendant.
_____/

### **ORDER**

      This matter comes before the Court on Affidavit of Indigency (Doc. #2) filed on April 11, 2013, which the Court construes as a Motion for Leave to Proceed *In Forma Pauperis*.  Plaintiff Santana seeks to proceed without payment of filing fees, costs and security pursuant to 28 U.S.C. §1915.

      Under 28 U.S.C. §1915(a)(1), the District Court may, upon a finding of indigency, authorize the commencement of a civil action without requiring payment of fees, costs or security if the potential plaintiff has filed an affidavit that she is unable to pay such costs or give security.  Jones v. St. Vincents Health System, 2007 WL 1789242, *1 (M.D. Fla. June 19, 2007).  "The Court's decision of whether to grant *in forma pauperis* status is discretionary." Id. (citing Pace v. Evans, 709 F.2d 1428 (11th Cir. 1983)). An individual should only receive *in forma pauperis* status if she is truly indigent, and the only determination the court should make is whether the statements contained in the affidavit satisfy the poverty requirement. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. Apr. 2, 2004); Jones, 2007 WL 1789242 at *1. Accordingly, an affidavit, which addresses the statutory language "should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is absolutely

destitute to qualify for indigent status under §1915." <u>Martinez</u>, 364 F.3d at 1307 (quoting <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. 331, 338–40 (1948) (internal quotations omitted).

Once an affidavit demonstrates sufficient economic eligibility on its face, the court should proceed to determine the sufficiency of the claim. <u>Martinez</u>, 364 F.3d at 1307 (quoting <u>Watson</u>, 525 F.2d at 891).  When reviewing the plaintiff's claim, the District Court is authorized to dismiss the case if the action is frivolous and malicious[1], fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>Ex parte Chayoon</u>, 2006 WL 3841790, *1 (M.D. Fla. Dec. 15, 2006) (quoting 28 U.S.C. §1915(e)(2)(B)).

Having reviewed the Plaintiff's Affidavit (Doc. #2), the Court finds the Plaintiff is a pauper, and is entitled to proceed on the Complaint to pursue his claim under the ADEA (Doc. #1) without the payment of a filing fee.

Accordingly, it is now

**ORDERED:**

(1) Affidavit of Indigency (Doc. #2) is **GRANTED**.

(2) As Plaintiff has not provided this Court with a mailing address, the Clerk of Court shall make available summonses and Marshal 285 forms for the Plaintiff to pick up. Plaintiff shall complete and provide the forms to the Clerk of Court within **fifteen [15] days** of picking up the forms.

---

[1] A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

(3) The Clerk shall then provide the completed forms to the United States Marshal. Upon receipt of the completed forms, **the United States Marshal is directed to serve them upon the Defendant(s) without cost to the Plaintiff.**

**DONE** and **ORDERED** in Fort Myers, Florida this 15th day of April, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record