UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT MYERS DIVISION
CASE NO: 2:13-CV- 00281-UA-SPC

FILED
2013 MAY -2 AM 11: 18
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

EDWARD SANTANA,

   Plaintiff,

v.

TOMMY BAHAMA R &R HOLDINGS
d/b/a TOMMY BAHAMA,

   Defendant.
_____/

### NOTICE OF PENDENCY OF OTHER ACTIONS

In accordance with Local Rule 1.04(c), I hereby certify that the instant action:

__X__ IS related to pending or closed civil or criminal case(s) previously filed in this Court, or any other Federal or State Court, or administrative agency as indicated below:

1. **On February 28, 2013**, the Plaintiff filed a small claims lawsuit against Tommy Bahama R&R Holdings d/b/a Tommy Bahama in the Collier County Court House (Twentieth Judicial Circuit) for age discrimination under the ADEA of 1967.

2. **On March 28, 2013,** the Plaintiff received his Notice of Right to Sue from the EEOC.

3. **On March 29, 2013**, the Parties agreed to settle the small claims Collier County court case that was pending. The Plaintiff was to dismiss the case with prejudice in the Collier County Courthouse **before** he could receive a settlement check. The day **after** the seven (7) day revocation period, pursuant to the fully executed negotiated settlement agreement, the Plaintiff was to receive a settlement check **(Plaintiff was to**

**receive the check on April 10, 2013 but never did since he revoked the negotiated settlement agreement on April 9, 2013).**

4.     **On March 30, 2013,** the Plaintiff signed the negotiated settlement agreement which he mailed out on the very same date to the Defendant's Counsel Kelly-Charles Collins and Thomas Groendyke which they received on **April 1, 2013** and were to have the Chief Operating Officer of Tommy Bahama sign and fully execute the now binding negotiated settlement agreement on **April 1, 2013 or April 2, 2013.**

5.     **On April 1, 2013,** the Collier County Courthouse received and docketed the Plaintiff's Notice of Voluntary Dismissal with prejudice which the Plaintiff had also mailed out on March 30, 2013 (Saturday) from Miami-Dade County, Fl. Pursuant to the negotiated Settlement Agreement the Plaintiff was to file the Notice Of Voluntary Dismissal With Prejudice before he was to receive a settlement check.

6.     **On April 2, 2013,** the Defendant's Chief Operating Officer Doug Wood signed the negotiated settlement agreement now making it a fully executed now binding and enforceable settlement agreement/contract.

7.     **On or around April 4, 2013,** a writ of garnishment was filed, issued and served on the Defendant Tommy Bahama by Plaintiff's Judgment Creditor RCSH Operations, LLC'S attorney Laurie Chess (United States District Court in and for the Southern District of Florida).

8.     **On April 9, 2013,** the Plaintiff revoked the fully executed negotiated settlement agreement in writing pursuant to Florida Rule 1.540 b(3)(5). The Plaintiff's revocation was sent to the Defendant's attorney Thomas Groendyke via email, mail and fax (attorney Kelly Charles-Collins received the Plaintiff's revocation through email as

well). Since the Plaintiff revoked the fully executed negotiated settlement agreement within the seven (7) day revocation period, the contract is null, void and unenforceable. The Plaintiff's Notice of Voluntary Dismissal with Prejudice (**"proceeding"**) was filed in the Collier County Courthouse before the Plaintiff was to receive a settlement check pursuant to the fully executed and negotiated settlement agreement. As a result of the Plaintiff's revocation, it is no longer equitable that the judgment (Plaintiff's Notice of Voluntary Dismissal with Prejudice) should have prospective application pursuant to **Florida Rule of Civil Procedure 1.540(b)(5).** Relief from **"Judgment"**, Decrees or Orders which provides relief to **all** litigants who can demonstrate the existence of the grounds set out under the rule from a final judgment, decree, order or **"proceeding."** "A Voluntary Notice of Dismissal is something, it doesn't exist in limbo...... it is indeed a proceeding." see **Miller vs. Fortune Insurance Co.**, 453 So. 2d 489 (Fla. 2d DCA 1984) and **Shampaine Industries vs. South Broward Hospital District**, 411 So. 2d 364 (Fla. 4th DCA 1982).

9. **On April 22, 2013,** the Plaintiff filed a Motion/Affidavit to set aside his voluntary dismissal with prejudice/vacate judgment pursuant to **Florida Rule of Civil Procedure 1.540(b)(1)(3)(5)** in the Collier County Courthouse for the 20th Judicial Circuit.

10. **On April 23, 2013,** the Defendants counsel filed a motion for a continuance and to stay the proceedings.

11. **On April 24, 2013,** The Honorable Judge Vince Murphy from the Collier County Courthouse granted the Defendant's Motion for a continuance and stay the

proceedings until **July 30, 2013 at 1:00 p.m.** (date for evidentiary hearing to set aside Plaintiff's Voluntary Dismissal with prejudice).

12. **On April 26, 2013,** the Defendant/Garnishee filed an answer with the United States District Court in and for the Southern District of Florida in regards to the Plaintiff's Judgment Creditor RCSH OPERATIONS, LLC. **(See exhibit 1).**

13. **On May 1, 2013,** the Plaintiff filed an Amended Motion/Affidavit to set aside his Notice of Voluntary Dismissal with prejudice pursuant to **Florida Rule of Civil Procedure 1.540(b)(1)(5)** in the Collier County Courthouse for the 20th Judicial Circuit. The Plaintiff's Motion/Affidavit to set aside his Voluntary Dismissal with Prejudice is currently pending in that Court until July 30, 2013.

14. The Plaintiff has **not** received a settlement check and/or considerations from the Defendant.

15. Finally, the Plaintiff has **not** waived his rights or claims under the **ADEA** of 1967.


_____ IS NOT related to any pending or closed civil or criminal case filed with this Court, or any other Federal or State court, or administrat've agency.

I further certify that I will serve a copy of this NOTICE OF PENDENCY OF OTHER ACTIONS upon each party no later than eleven days after appearance of the party.

Dated this 2nd day of May, 2013

Respectfully Submitted,

Edward Santana
(239)285-5450
esantana44@yahoo.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of May, 2013, the foregoing document was filed with the Clerk of the Court. I also certify that the foregoing document is being served this day on Defendant's Counsel identified below via regular U.S. Mail:

Kelley Charles-Collins, Esq.
Thomas Groenedyke Esq.
1000 Sawgrass Corporate Parkway
Suite 590
Sunrise, FL 33323

Edward Santana
(239)285-5450
esantana44@yahoo.com